UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Selective Insurance Company of South Carolina, ) | Civil Action No.:4:21-cv-02841-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Sandra Howell, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on Defendant Sandra Howell's ("Howell") motion for reconsideration.[1] ECF No. 37. Plaintiff Selective Insurance Company of South Carolina ("Selective") filed a response in opposition on October 10, 2022. ECF No. 38. Howell filed her reply on October 17, 2022. ECF No. 39. The Court has thoroughly considered the briefs and arguments of counsel and respectfully denies Defendant Howell's motion for reconsideration.[2]

---

[1]     Previously, the parties filed cross motions for judgment on the pleadings and Defendant Howell filed a motion for summary judgment. The Court granted Plaintiff Selective's motion for judgment on the pleadings as to Selective's first requested declaration and found that Defendant Sandra Howell was entitled to a maximum of $50,000.00 ($25,000.00 for each of the two vehicles listed on the Selective policy) in UIM bodily injury coverage under the Selective policy and was not entitled to stack up to the $1,000,000.00 maximum limit of UIM coverage provided by the Selective policy. The Court denied Defendant Howell's motion for judgment on the pleadings as to the first requested declaration and denied without prejudice Howell's motion for judgment on the pleadings as to the second requested declaration. For reference, the second requested declaration was that the Selective policy did not provide any split limit stackable UIM *property damage coverage* for any claims arising out of the injuries and damages sustained by Defendant Howell in the automobile accident because she was not operating a "covered auto" at the time of the accident. Because issues relevant to the second requested declaration are currently being litigated in South Carolina's state courts, *Nationwide Affinity Ins. Co. of America v. Green*, Appellate Case No. 2021-000243 and *USAA Casualty Ins. Co. v. Rafferty*, Civil Action No.: 2:21-cv-01689-DCN (certified question Appellate Case No. 2021-001390), this Court stayed the matter regarding the stacking of property damage claims.

[2]     Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

**Standard of Review**

Defendant Howell filed this motion under Rule 59(e); however, the order she seeks reconsideration of was not a final judgment. The appropriate vehicle for Howell's motion would have been a motion for reconsideration under Fed. Civ. R. 54(b). Nevertheless, since Rule 59(e) and Rule 54(b) are based on the same standards, the court can evaluate Howell's arguments without requesting that the parties re-brief the matter.

In determining motions for reconsideration made under Rule 54(b), district courts in the Fourth Circuit look to the standards of motions under Rule 59 for guidance. *See U.S. Home Corp. v. Settlers Crossing, LLC*, C/A No. DKC 08-1863, 2012 WL 5193835, at *2 (D. Md. Oct. 18, 2012); *R.E. Goodson Constr. Co., Inc. v. Int'l Paper Co.*, C/A No. 4:02-4184-RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006); *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005). Therefore, reconsideration under Rule 54 is appropriate on the following grounds: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Beyond Sys., Inc. v. Kraft Foods, Inc.*, C/A No. PJM-08-409, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010)

**Discussion**

This declaratory judgment action arises from an automobile accident and involves stacking of underinsured motorist coverage ("UIM"). Selective asked the Court for two declarations. First, Selective requested a declaration that Defendant Sandra Howell was entitled to a maximum of $50,000.00 ($25,000.00 for each of the two vehicles listed on the Selective policy) in UIM bodily injury coverage under the Selective policy and was not entitled to stack up to the maximum $1,000,000.00 limit of UIM coverage provided by the Selective policy. Complaint, ECF No. 1 at ¶¶

2

19-20.

Selective contends that Howell is limited by S.C. Code Ann. § 38-77-160 to stacking the amount of UIM coverage *on the vehicle involved in the accident*, which was insured for $25,000.00 UIM coverage under an Allstate policy.  The Court ruled in favor of Selective on that issue and held that, *in the absence of a specific agreement and specific terms to the contrary*, the "measuring vehicle" for stacking UIM coverage was the vehicle involved in the accident.  At the time of the accident, Howell was driving a vehicle insured under an Allstate policy with UIM coverage limits of $25,000.00/per person for bodily injury.  Therefore, Howell was limited to $50,000.00 of bodily injury coverage under the UIM provisions of the Selective policy as she was permitted to stack two vehicles for $25,000.00 each.

The South Carolina Supreme Court has interpreted § 38-77-160 as setting a **cap** on the amount which can be stacked from policies on vehicles not involved in the accident. *See South Carolina Farm Bureau Mut. Ins. v. Mooneyham*, 405 S.E.2d 396, 398 (S.C. 1991) ("the amount of coverage which may be stacked from policies on vehicles not involved in an accident is *limited to an amount no greater than the coverage on the vehicle involved in the accident*" and "[w]e now hold that when the car involved in the accident has underinsured motorist coverage in excess of the basic limits, the insured is entitled to stack underinsured motorist coverage from other policies in an amount equal to the coverage on the car involved in the accident") (emphasis added); *Burgess v. Nationwide Mut. Ins. Co.*, 644 S.E.2d 40, 42–43 (S.C. 2007) (stating "[t]he 'If, however' sentence in § 38–77–160 evinces the legislature's intent, *in a stacking situation*, to bind the insured to the amount of UIM coverage he chose to purchase in the policy covering the vehicle involved in the accident.") (emphasis added).

"To obtain a policy with more coverage [than the cap created by S.C. Code Ann. 38-77-160], there must be a *specific* agreement and *specific* terms." *Booth v. Allstate Ins. Co.*, 334 F. Supp. 2d 880, 883 (D.S.C. 2004). The Selective policy in this case contained no language within the UIM coverage specifically noting that the provisions of S.C. Code Ann. § 38-77-160 were being superseded with additional coverage, or that there was a bargained for exchange for coverage of this type. *See Booth*, 334 F. Supp. 2d at 884; *See also* Selective policy, ECF No. 11-1 at 199-202; ECF No. 12-2 199-202.

Howell's first argument is based on the mistaken notion that the Court asserted that "a hard and fast cap exists on the amount of UIM coverage a party may recover." [Howell's motion for reconsideration, ECF No. 37 at 11]. To the contrary, the Court acknowledged that parties could contract for UIM coverage in excess of the cap set by S.C. Code Ann. § 38-77-160; however, there must be a specific agreement and specific terms for excess coverage.

Howell relies on policy language which states: "[t]he most we will pay in the second priority shall not exceed the highest limit for any one vehicle under any one policy in the second priority." Selective Insurance Policy, ECF No. 11-1 at 201; ECF No. 12-2 at 201. This policy language does not constitute a specific agreement for UIM coverage in excess of the cap set by S.C. Code Ann. § 38-77-160. Rather, this policy language is an anti-stacking provision and constitutes a maximum or ceiling that Selective will pay under certain circumstances. Those circumstances are not present in this case because the vehicle Howell was driving during the accident had only $25,000.00 in UIM bodily injury coverage. If Howell had $500,000.00 UIM coverage on the Allstate vehicle she was driving that was involved in the accident, she could potentially recover up to $1,000,000.00 on the Selective policy (i.e. $500,000.00 on each of the two vehicles on the Selective policy).

Howell conveniently ignores Selective policy language that conflicts with her position. For instance, the Selective policy includes language in its grant of coverage that states: "we will pay in accordance with the South Carolina Underinsured Motorists Law all sums the 'insured' is legally entitled to recover as damages from the owner or driver of an 'underinsured motor vehicle.'" Selective Insurance Policy, ECF No. 11-1 at 199; ECF No. 12-2 at 199. The cap set forth in S.C. Code Ann § 38-77-160 is part of South Carolina's Underinsured Motorist Law. The UIM endorsement also states: "[t]his endorsement is intended to be in full conformity with the South Carolina Insurance Laws. If any provision of this endorsement conflicts with that law, it is changed to comply with the law." *Id*. at 201.

Howell also fails to reconcile *South Carolina Farm Bureau Mut. Ins. v. Mooneyham*, 405 S.E.2d 396, 398 (S.C. 1991) or *Burgess v. Nationwide Mut. Ins. Co.*, 644 S.E.2d 40, 42–43 (S.C. 2007) (stating "[t]he 'If, however' sentence in § 38–77–160 evinces the legislature's intent, *in a stacking situation*, to bind the insured to the amount of UIM coverage he chose to purchase in the policy covering the vehicle involved in the accident." (emphasis added). Instead, Howell cherry picks policy language in an attempt to create an ambiguity that does not exist.[3]

Howell incorrectly insists that an anti-stacking provision is a grant of coverage and incorrectly insists it permits her to collect up to $1,000,000.00 on the Selective policy even though her accident involved an Allstate vehicle that was insured for $25,000.00. This type of windfall was not contemplated by the state legislature or the South Carolina Supreme Court. As noted by Justice

---

[3] It is worth noting that Howell's new argument that the Selective policy is ambiguous appears for the first time in her motion for reconsideration. In fact, Howell filed her own motion for judgment on the pleadings insisting that the Selective Policy language is clear and permits her to stack UIM coverage up to $1,000,000.00. *See* Howell's motion for judgment on the pleadings, ECF No. 11 at 5-7. In any event, even if the policy provision was ambiguous, Howell has failed to show a "specific agreement and specific terms" superseding S.C. Code Ann. § 38-77-160.

Pleicones in *Burgess*:

> An automobile insurance company, in setting its rates, bases those rates at least in part on the probabilities involving the insured and the vehicle(s) he is insuring. Where, as here, the vehicle is not insured by the company from whom coverage is sought, the carrier cannot accurately calculate its risks. It is one thing to insure against "unknowable" risks, such as the chance that one will be injured by an underinsured at-fault driver while a passenger in another's vehicle, or as a pedestrian; it is an entirely different calculus where a company's insured owns and operates a motor vehicle, . . . ., not insured by the carrier making its risk assessments.

*Burgess*, 644 S.E.2d at 42. The same logic and public policy argument applies here.

The vehicle involved in Howell's car accident was insured by Allstate for $25,000.00. The Selective policy at issue here was a commercial auto policy with underinsured motorist coverage ("UIM") for each vehicle with limits of $1,000,000.00 per occurrence. Complaint ¶ 6; Answer ¶ 7. The vehicles insured under the Selective policy were a 2005 Stirling LT8511 Dump truck and a 2005 Ford F-150 pick-up truck Complaint ¶ 6; Answer ¶ 7. The Selective policy contains no specific agreement or specific terms granting UIM bodily injury coverage in excess of the cap set by S.C. Code Ann. § 38-77-160. Accordingly, Howell is entitled to a maximum of $50,000.00 in UIM bodily injury coverage for her car accident involving the Allstate vehicle.

In her motion for reconsideration, Howell argues that Selective's counsel should be bound by representations Selective's counsel made in other cases that did not involve Selective insurance policies, but other policies and insurance companies altogether. Howell's argument was squarely rejected in footnote three of the Court's prior order. ECF No. 35 at n.3. Motions to reconsider are not meant to reargue positions that were already ruled upon. Moreover, there is no estoppel, *res judicata*, or preclusive effect arising from briefs filed in other cases involving other parties, different

factual scenarios, and different insurance policies. Selective is the party here, not Attorney Murphy, and Selective should not be bound by fact specific results from other cases that did not involve them.

In conclusion, Defendant Howell has failed to set forth an adequate basis for relief under Rule 54(b). There has been no intervening change in controlling law and no new evidence. Howell has also failed to establish a clear error of law or any manifest injustice. For those reasons, Howell's motion for reconsideration is due to be denied.

## Conclusion

For the reasons stated above, the Court **DENIES** Howell's [ECF No. 37] motion for reconsideration.

This matter shall remain stayed as to Selective's second requested declaration pending the resolution of *Nationwide Affinity Ins. Co. of America v. Green*, Appellate Case No. 2021-000243, and/or *USAA Casualty Ins. Co. v. Rafferty*, Civil Action No.: 2:21-cv-01689-DCN (certified question Appellate Case No. 2021-001390). The parties shall file a status report regarding the *Green* and *Rafferty* cases by March 1, 2023, or within 7 days of an opinion resolving the cases, whichever is earlier.

**IT IS SO ORDERED.**

January 31, 2023                                s/ R. Bryan Harwell
Florence, South Carolina                  R. Bryan Harwell
                                                         Chief United States District Judge